IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CENTRAL DRILLING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HI PLAINS BUILDING DIVISION, LLC; NEXTERA ENERGY OPERATING SERVICES, LLC; AND CLEARWATER WIND LAND HOLDINGS, LLC,<br><br>Defendants. | CV 25-101-BLG-SPW<br><br>ORDER REJECTING FINDINGS AND RECOMMENDATIONS |

Plaintiff Central Drilling, Inc. ("Plaintiff") filed a complaint in Montana state court on July 2, 2025. (Doc. 9). Defendant Hi Plains Building Division, LLC ("Hi Plains") removed the action to this Court on August 15, 2025. (Doc. 1). On August 20, 2025, Defendant Nextera Energy Operating Services, LLC ("Nextera") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 2). Hi Plains filed an answer on August 27, 2025. (Doc. 4).

On August 29, 2025, Plaintiff filed an Acknowledgment of Service executed by a representative of Defendant Clearwater Wind Land Holdings, LLC ("Clearwater"). (Docs. 5, 7). Clearwater's answer was due September 19, 2025, but it has not appeared.

1

On December 17, 2025, United States Magistrate Judge Timothy J. Cavan issued an Order to Show Cause directing Plaintiff to explain by January 7, 2026, why Clearwater should not be dismissed for failure to prosecute. (Doc. 11). Plaintiff did not respond, so on January 21, 2026, Judge Cavan recommended dismissal of Clearwater without prejudice. (Doc. 13). Under 28 U.S.C. § 636(b)(1), any party could object to the Findings and Recommendations within 14 days.

On January 23, 2026, Plaintiff timely objected. (Doc. 14). Plaintiff's counsel explained that he did not receive electronic notice of either the Order to Show Cause or the Findings and Recommendations. (*Id.* at 1). After independently checking the docket on January 22, 2026, he discovered both filings and contacted the Clerk of Court's Office. (*Id.*). The Clerk confirmed that counsel had not received the notices, reactivated notifications, and regenerated the filings through the electronic system. (*Id.* at 2; Doc. Remark 01/22/2026).

A party is entitled to de novo review of any portion of the magistrate judge's findings and recommendations to which it specifically objects. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(C). Although a court has inherent authority to dismiss an action for failure to prosecute or failure to comply with a court order, dismissal is a severe sanction appropriate only in extreme circumstances. Fed. R. Civ. P. 41(b); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

In light of Plaintiff's explanation regarding the lack of notice and its prompt action upon discovering the filings—including moving for entry of default (Doc. 15)—the Court concludes that dismissal is not warranted. Clearwater will not be dismissed as a defendant.

Accordingly, IT IS HEREBY ORDERED that Judge Cavan's Findings and Recommendations (Doc. 13) are REJECTED.

DATED this 13th day of February, 2026.

SUSAN P. WATTERS
United States District Judge