IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CENTRAL DRILLING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HI PLAINS BUILDING DIVISION, LLC; NEXTERA ENERGY OPERATING SERVICES, LLC; and CLEARWATER WIND LAND HOLDINGS, LLC, <br><br> Defendants. | CV 25-101-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

This action was originally brought by Plaintiff Central Drilling, Inc. ("CDI") in the Montana Sixteenth Judicial District Court, Custer County (DV-25-47), on July 2, 2025, against Hi Plains Building Division, LLC ("Hi Plains"), NextEra Energy Operating Services, LLC ("NextEra"), and Clearwater Wind Land Holdings, LLC (collectively, "Defendants"). (Doc. 9.) Hi Plains timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1.)

Presently before the Court is NextEra's motion to dismiss CDI's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 2), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 18.) The

1

motion is fully briefed and ripe for the Court's review.  (Docs. 3, 6, 10.)

Having considered the parties' submissions, the Court **RECOMMENDS** NextEra's motion to dismiss be **GRANTED**.

## I.    BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), a court must accept all material allegations in the complaint as true.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The following facts are taken from CDI's Complaint (Doc. 9).

CDI is in the business of drilling water wells.  On October 26, 2023, CDI was contacted by Leighton Crouch, the manager and/or owner of Hi Plains, to drill a water well for the Miles City Wind Farm Project (the "Project").  CDI was mainly in communication with Hi Plains, but also had contact with personnel from NextEra, which CDI believed owned the Project in some capacity.  CDI further believed that NextEra had hired and subcontracted Hi Plains.

CDI emailed Defendants discussing the potential depths and prices for a well.  On November 21, 2023, Leighton Crouch approved CDI's drilling of a well via text message.  CDI began drilling the well on November 29, 2023, and finished drilling on December 6, 2023.  Representatives from CDI and Hi Plains were on-site the entire time CDI was drilling the well.

/ / /

The well turned out to be a dry hole.  CDI's bill for the work it performed was $294,800.  To date, no Defendant has paid CDI.

CDI brings a claim for breach of contract (Count I) against all Defendants under the theory that "all Defendants are either owners, agents, employees or subcontractors, and each Defendant played a part in forming the contract with CDI and therefore hiring them to drill the Well." (Doc. 9 at ¶ 18.)  CDI also brings a claim for conversion (Count II) under the theory that "Defendants are exerting unauthorized control over CDI's property," meaning the $294,800 it was never paid.  (*Id.* at ¶ 25; Doc. 6 at 7.)

## II.   LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plausibility determination is context-specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must construe the allegations of the complaint in the light most favorable to the nonmoving party.  *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation.  *Id.*

/ / /

/ / /

4

## III.    DISCUSSION

### A.    Breach of Contract

NextEra does not dispute the existence of a contract to drill the well. Instead, NextEra argues Count I of the Complaint should be dismissed because CDI does not allege any facts to suggest NextEra was a party to the contract, and therefore the claim for breach of contract necessarily fails.  CDI counters that the Complaint alleges a valid contract between CDI and the Defendants.  CDI also asserts it believed Hi Plains was acting as NextEra's agent, and therefore NextEra is party to the contract as Hi Plain's principal.

The essential requirements for the existence of a contract under Montana law are: "(1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration."  Mont. Code Ann. § 28-2-102. "The obligation of the contract is limited to the contracting parties, and ordinarily only those who are parties to the contract are liable for their breach." *Fordyce v. Musick*, 800 P.2d 1045, 1047 (Mont. 1990).  But when an agent, acting with actual or apparent authority, makes a contract on behalf of a disclosed principal, the principal is a party to the contract.  Restatement (Third) of Agency § 6.01 (2006). *See also* Mont. Code Ann. § 28-10-606 ("A principal is bound by acts of the principal's agent under a merely ostensible authority to those persons only who have in good faith and without ordinary negligence incurred a liability or parted

5

with value upon the faith of the authority.").

In support of its contract claim, CDI generally alleges in its complaint that "[a]ll Defendants entered into a contract with Plaintiff CDI to drill the Well," and that "CDI believes all Defendants are either owners, agents, employers or subcontractors and each played a part in forming the contract with CDI and therefore hiring them to drill the Well." (Doc. 9 at ¶ 18). CDI also asserts that "[a]ll Defendants accepted CDI's offer to drill the Well." (*Id.* at ¶ 19.) But as to NextEra, the factual support for these conclusory allegations is sparse, at best. The specific factual allegations in the Complaint pertaining to the contract's formation and execution exclusively mention actions taken by Hi Plains or refer generally to "Defendants." (*Id.* at ¶¶ 9–11, 13, 15.) The extent of the factual allegations against NextEra are that "CDI also had contact with personnel from Defendant [NextEra] whom CDI believed owned the project in some capacity. CDI also believed Defendant Hi Plains was hired and subcontracted by Defendant [NextEra] and Defendant Clearwater." (*Id.* at ¶ 9.) None of these factual allegations plausibly allege NextEra was a party to the contract or consented to the formation of the contract.

CDI also does not sufficiently allege that Hi Plains was acting as an agent for NextEra. While "the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a

reasonable inference that an agency relationship existed." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014).  Aside from a generalized expression of its belief that an agency relationship existed, no facts are offered to reasonably support such an inference.  In its response brief, CDI states that it "believed, and so pled in the Complaint, that it believed Hi Plains was an agent of NextEra."  (Doc. 6 at 6.)  But CDI's Complaint contains no allegations as to the facts that caused it to form beliefs about NextEra's ownership of the Project or about its relationship with Hi Plains.  CDI's brief assertions as to the existence of these beliefs do not constitute factual support for the existence of a principal-agent relationship between NextEra and Hi Plains.

CDI also argues that Hi Plains' Answer (Doc. 4) confirms that an agency relationship existed.  But in ruling on a Rule 12(b)(6) motion, the Court cannot consider material outside of the complaint, *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993), unless the external material is something on which the complaint necessarily relies.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Therefore, NextEra's co-defendant's Answer to CDI's Complaint is not evidence the Court can consider when determining whether the Complaint properly states a claim against NextEra.

In conclusion, CDI has failed to sufficiently allege that NextEra was a party to the contract and consented to the formation of the contract.  Accordingly, Count

7

I should be dismissed against NextEra.

### B.   Conversion

NextEra argues that CDI's claim for conversion "appears to be attempting to circumvent Montana's general restriction against the recovery of attorney fees absent a contractual agreement." (Doc. 3 at 8.)  Whatever CDI's motive for bringing a claim for conversion, Montana law is clear that "[w]hen a party's claim is based solely upon a breach of the specific terms of an agreement, the action sounds in contract." *Romo v. Shirley*, 522 P.3d 401, 407 (Mont. 2022).  "Separate tort liability depends on whether the breaching party violated a legal duty that would exist in the absence of a contract." *Dewey v. Stringer*, 325 P.3d 1236, 1239 (Mont. 2014).

As to claims for conversion specifically, the Montana Supreme Court has held that "there can be no conversion of a debt." *Free v. Elberson*, 486 P.2d 857, 862 (Mont. 1971).  As this Court explained in *Montana v. United States*, 1995 WL 376538 (D. Mont. Oct. 7, 1993), a "refusal to pay [a] debt does not give rise to the tort of conversion." *Id.* at *4.  "Although a segregated, specific fund of money may be unlawfully converted, . . . a debt may not." *Id.*  Thus, this Court rejected a claim for conversion where proceeds from a bankruptcy sale had been commingled with the large bankruptcy estate, leaving the plaintiff with an unsecured debt.  The Court relied on the "universal rule . . . that '[a]n action will not lie for the

8

conversion of a mere debt . . . ." *Id.* (citing 18 Am. Jur. 2d *Conversion* § 8 (1985); *Free,* 486 P.2d at 862; W. Page Keeton et. al., Prosser and Keeton on Torts § 15, at 20 n. 30 (5th ed. Supp. 1988) (Traditionally, "money cannot be converted, unless there is an obligation to return specific, segregated monies . . . .")).

CDI's Complaint does not set forth any factual allegations to support the claim that Defendants are liable for converting CDI's property, other than its claim for unsegregated money it alleges is owed under its contract.  A claim for conversion will not lie under those circumstances.  Count II of CDI's Complaint should be dismissed, accordingly.

### C.    Leave to Amend

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  Ordinarily, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, additional allegations as to the formation of the contract may cure the defects found in Count I of the Complaint.  CDI may allege facts that plausibly allege either (1) NextEra was a party to the contract to drill the well, or (2) to plausibly establish an agency relationship between NextEra and the party who entered into the drilling contract.  Therefore, Count I should be dismissed without

prejudice, and with leave to amend.

With respect to Count II, however, CDI does not allege a cognizable claim for relief, and it is not curable by amendment.  Count II should, therefore, be dismissed with prejudice.

## IV.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that NextEra's Motion to Dismiss be **GRANTED**, without prejudice and with leave to amend as to Count I, and with prejudice as to Count II.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 23rd day of February, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge